Jeremy E. Shulman (# 257582)
 jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP
301 N. Lake Ave, Suite 1100
Pasadena, CA  91101-4158
Tel: (626) 535-1900 | Fax:  (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.,
successor by merger with Wells Fargo
Bank Southwest, N.A., f/k/a Wachovia
Mortgage, FSB, f/k/a World Savings
Bank, FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE R. RAMIREZ, an individual<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WELLS FARGO BANK, N.A.; and Does 1 through 50, Inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:17-cv-2688<br><br>**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO, PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]** |

**TO PLAINTIFF, HER COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

　　**PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") hereby provides this Notice of Removal pursuant to 28 U.S.C. § 1332.

**1.　THE STATE COURT ACTION.**

　　On March 2, 2017, plaintiff Rose R. Ramirez commenced an action in the Superior Court of the State of California, County of Los Angeles, Case No. KC069103 (the "State Court Action").  Defendant Wells Fargo did not appear in

1  the State Court Action.  A copy of the Complaint is attached hereto as <u>Exhibit A</u>.
2  Attached collectively hereto as <u>Exhibit B</u> are all other documents in Wells Fargo's
3  possession from the State Court Action.
4       On March 3, 2017, plaintiff obtained an unopposed temporary restraining
5  order from the Superior Court, enjoining Wells Fargo's foreclosure on the subject
6  property.  (*See* <u>Exhibit B</u>.)  On March 23, 2017, the parties entered into a
7  stipulation continuing the OSC re: Preliminary Injunction.  Wells Fargo will
8  postpone the trustee's sale to a date no earlier than May 30, 2017 should plaintiff
9  wish to pursue relief following this removal.

10 **2.**    **<u>DIVERSITY OF CITIZENSHIP JURISDICTION</u>**:
11      This Court has jurisdiction of this case under 28 U.S.C. § 1332 because the
12 citizenship of the parties is entirely diverse and the amount in controversy exceeds
13 $75,000.
14     **A.**   **<u>Complete Diversity</u>.**
15      Complete diversity under 28 U.S.C. § 1332 exists because no defendant is a
16 citizen of a state in which plaintiff is a citizen.  Plaintiff is a citizen of California
17 and defendant Wells Fargo is a citizen only of South Dakota.
18         **i.**    **<u>Plaintiff's Citizenship</u>.**
19      Plaintiff is a California citizen, based on domicile, as she plead ownership of
20 a property located at 108 Prairie Drive, San Dimas, California 91773 – *i.e.,* the
21 subject property in this action ("Property"). (Compl ¶¶1, 10, 11; Exh. H, [Deed of
22 Trust]).  In addition, plaintiff has made a claim for the Property of a recorded
23 Homeowner's Exemption, which is only available to owners who occupy their
24 homes as their principal place of residence on December 31, and each year
25 thereafter.  *Cal. Rev. & Tax. Code* §218(a); Los Angeles County Assessor
26 information indicating a homeowner's exemption was taken, <u>Exhibit C</u>, attached
27 hereto.
28

1  Plaintiff pleads that she has been trying to obtain a loan modification under
2  the California Homeowners' Bill of Rights (Compl. ¶¶ 44-46, 50-51), which only
3  applies to owner-occupied dwellings that are the borrower's primary residence,
4  pursuant to Civil Code § 2924.15.

5  Further evidence of plaintiff's domicile in California can be found in the
6  Voluntary Petition for Chapter 7 Bankruptcy which plaintiff filed in the United
7  States Bankruptcy Court for the Central District of California (Los Angeles), Case
8  No. 2:12-bk-16668-TD. (*See* Exhibit D hereto [pertinent portion of the bankruptcy
9  petition].) In her bankruptcy petition filed on February 24, 2012, plaintiff listed
10 the Property as her primary address and stated under penalty of perjury that
11 plaintiff listed the subject property as her primary address and stated under penalty
12 of perjury that she has "been domiciled or have had a residence, principal place of
13 business, or principal assets in this District for 180 days immediately preceding the
14 date . . ." of the petition. (*Id.* at p. 1–2).

15 On August 25, 2016, plaintiff alleges that she submitted a Request for
16 Mortgage Assistance to Wells Fargo in which she asserts, under penalty of perjury,
17 that her principal residence is the subject property. Plaintiff also maintains a
18 business checking account with Pacific Western Bank using her business address
19 in Glendora, California. Plaintiff utilizes the Property address for tax returns, the
20 Social Security Administration, Capital One and Barclaycard credit cards, Time
21 Warner Cable and DirecTV.

22 Upon information and belief, plaintiff in this action resides in California
23 with the intention to remain indefinitely. "A person's domicile is her permanent
24 home, where she resides with the intention to remain or to which she intends to
25 return." See e.g., *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal.
26 2001); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence
27 and property ownership is a factor in domicile for diversity jurisdiction); *State*
28 *Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  alone is not the equivalent of citizenship, **but the place of residence is prima
2  facie the domicile**."). (emphasis added).

### ii. Wells Fargo Bank, N.A. is a Citizen of South Dakota.

4  Effective December 31, 2007, World Savings Bank, FSB, changed its name
5  to Wachovia Mortgage, FSB. (Exh. E [Nov. 19, 2007 OTS Letter].) Effective
6  November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank
7  Southwest, N.A., and merged into Wells Fargo Bank, N.A. (Exh. F [Nov. 1, 2009
8  OCC Certification Letter].) The citizenship of the surviving entity from a merger,
9  here Wells Fargo Bank, N.A., is used to determine citizenship. *Meadows v.
10 Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (using citizenship of surviving
11 entity for diversity).

12 Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a
13 national banking association, is a citizen of the state where it is "located." In 2006,
14 the United States Supreme Court, after a thorough examination of the historical
15 versions of § 1348 and the existing case law, held that "a national bank, for § 1348
16 purposes, is a citizen of the State in which its main office, as set forth in its articles
17 of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307
18 (2006).

19 Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a
20 citizen of South Dakota. Attached hereto as Exhibit G are true and correct copies
21 of the FDIC Profile and the Articles of Association for Wells Fargo Bank, National
22 Association, as issued by the Office of the Comptroller of the Currency,
23 Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has
24 its main office in Sioux Falls, South Dakota. *Rouse, et al. v. Wachovia Mortgage,
25 FSB*, 747 F.3d 707, 715, at *22 (9th Cir. Mar. 27, 2014) (" under § 1348, a national
26 banking association is a citizen only of the state in which its main office is
27 located."); *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 710 (8th
28 Cir. Sept. 2, 2011); *Mireles v. Wells Fargo Bank N.A.*, 845 F. Supp. 2d 1034,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen of South Dakota for purposes of diversity.").

### ii. Summary of Diversity of Citizenship.

As these facts establish, complete diversity of citizenship exists between plaintiff and defendants under 28 U.S.C. § 1332(a) in that plaintiff is citizen of California and Wells Fargo, is a citizen of South Dakota.

## 4. AMOUNT IN CONTROVERSY.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc. Before Trial* (2009), ¶2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). Moreover, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.'" *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-*13 (N.D. Cal. June 29, 2010). *See* also *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011) (per curiam) (in an action seeking injunctive relief, the "amount in controversy is measured by the value of the object of the litigation" (citation and internal quotation marks omitted)); *O'Connor v. BankUnited,* 594 Fed. Appx. 329 (9th Cir. 2015).

Where a complaint seeks to restrain a trustee's sale, the loan debt or value of the property is considered to be the jurisdictional amount in controversy. *Gonzales v. Wells Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 152700, *4-*5 (N.D. Cal. Oct. 28, 2014) ("The most recent notice of trustee's sale lists the unpaid

1 amount owed under the deed of trust as just under $700,000. . . Therefore, the
2 value of the Property easily satisfies the jurisdictional amount. The Court, thus,
3 denies Plaintiff's motion to remand."). "Where injunctive relief is sought, 'the
4 amount in controversy is measured by the object of the litigation.'" *Major v. Wells*
5 *Fargo Bank, N.A.*, 2014 U.S. Dist. LEXIS 114977, at *3-*4 (S.D. Cal. Aug. 15,
6 2014). "In actions arising out of the foreclosure of a plaintiff's home, the amount
7 in controversy may be established by the value of the property or by the value of
8 the loan." *Id*; *accord Mouri v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS
9 170365, at *10-*12 (C.D. Cal. Dec. 9, 2014).

10       Plaintiff obtained a residential home loan in the amount of $564,000.00 from World Savings Bank, FSB (Wells Fargo's predecessor), which was memorialized by a promissory note and secured by the Property. (*See* Exhibit H [Deed of Trust]. Plaintiff suffered financial hardship and sought loss mitigation assistance in 2014 and again in 2015. (Compl. ¶¶13, 22.) Plaintiff defaulted on her loan obligations and, as a result, Wells Fargo commenced a non-judicial foreclosure by recording a Notice of Default on December 23, 2015, evidencing loan arrears of $324,352.44. (*See* Exhibit I [Notice of Default].) On August 26, 2016, a Notice of Trustee's Sale was recorded, which reflects that the total unpaid debt owed to Wells Fargo stands at $887,658.03. ([*See* Exhibit J - Notice of Sale].) Although, plaintiff has been in default for nearly nine years, she seeks a permanent injunction enjoining the foreclosure sale. (Prayer ¶2.)

22       Plaintiff claims violations of the Homeowner's Bill of Rights, alleging Wells Fargo failed to appoint a single point of contact (Civil Code §2923.7), (Compl. ¶¶44-55); failed to provide a denial letter (Civil Code §2923.6), (Compl. ¶¶46-47); failed to comply with the due diligence requirements prior to recording the notice of default (Civil Code §2923.55), (Compl. ¶¶48-50) and was not given the opportunity to reinstate the loan (Civil Code §2924c), (Compl. ¶51).

    Plaintiff also asserts claims for violations of Business and Professions Code §17200 for engaging in unfair and fraudulent business practices (Compl. ¶54); breach of the implied covenant of good faith and fair dealing wherein Wells Fargo interfered with plaintiff's ability to perform under the contract by impairing her ability to get current on the loan (Compl. ¶65) and negligence for failing to provide a timely, accurate and good faith loan modification review (Compl. ¶79).

    Based thereon, plaintiff seeks a judicial declaration that she be reviewed for a loan modification (Prayer ¶1), unspecified actual, general, special and consequential damages (Prayer ¶¶4-7), disgorgement of profits (Prayer ¶3), prejudgment interest (Prayer ¶9) and attorneys' fees and costs (Prayer ¶¶8, 10).

    Should plaintiff prevail in this action, Wells Fargo would be enjoined from taking further action under its secured interest in the Property, despite plaintiff's default on her loan obligations -- which would result in a loss of, at a minimum, the original principal loan amount of $564,000.00, which today stands at more than $887,000, and for a default amount exceeding $300,000.

    Consequently, the amount in controversy clearly exceeds the $75,000.00 threshold.

## 5. **TIMELINESS.**

    This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo received service of process on March 8, 2017. Defendant Wells Fargo has not generally appeared in the State Court Action. *Destfino v. Reiswig, et al.,* 630 F.3d 952, 956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to exercise his removal rights after being served").

    As no doe defendants have been identified or served at this time, no joinder of unserved defendants is required to perfect removal of the State Court Action. *Salveson v. Western States Bankcard Ass'n.,* 730 F.2d 1423, 1429 (9th Cir. 1984).

**6.    INTRADISTRICT ASSIGNMENT.**

This case is being removed to the Central District, Western Division of this Court because the existing State Court Action is pending in Los Angeles County.

**7.    OTHER PERTINENT INFORMATION.**

A.    Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its attachments will promptly be served on plaintiff in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

**WHEREFORE**, Defendant Wells Fargo hereby removes Los Angeles County Superior Court Case No. KC069103 to the United States District Court for the Central District of California, Western Division.

Respectfully submitted,

Dated: April 7, 2017          ANGLIN, FLEWELLING, RASMUSSEN,
                              CAMPBELL & TRYTTEN LLP


By:    */s/ Jeremy E. Shulman*
       Jeremy E. Shulman
       jshulman@afrct.com
       Attorneys for Defendant
       WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 301 N. Lake Ave, Suite 1100 Pasadena, CA 91101-4158

On the date below, I served a copy of the foregoing document entitled:

**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO, PURSUANT TO 28 U.S.C. § 1332 [DIVERSITY JURISDICTION]**

on the interested parties in said case as follows:

**Served By Means Other than Electronically Via the Court's CM/ECF System**

*Attorneys for Plaintiff*
*Rose R. Ramirez*

Randolph Roger Ramirez, Esq.
LAW OFFICES OF RANDOLPH ROGER RAMIREZ, PC
1613 Chelsea Road, Suite 186
San Marino, CA 91108

Tel: 626.765.5411 | Fax: 626.784.0480

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on April 7, 2017.

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |