# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 17-2688 PSG (AFMx) | Date | April 18, 2017 |
|---|---|---|---|
| Title | Rose R. Ramirez v. Wells Fargo Bank, N.A. | | |

Present: The Honorable **Philip S. Gutierrez, United States District Judge**

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order to Show Cause re Subject Matter Jurisdiction

Before the Court is Defendant Wells Fargo Bank's notice of removal. Dkt. # 1. After reviewing the supporting papers, the Court is not convinced that it has subject matter jurisdiction. Therefore, the Court orders Defendant to show cause why this matter should not be remanded to state court for lack of subject matter jurisdiction.

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332 (a). If at anytime before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447 (c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If there is any ambiguity as to propriety of removal, federal jurisdiction must be rejected. *See id.*

Defendant asserts that jurisdiction exists on the basis of diversity. *Notice of Removal* ¶ 2(a). In calculating the amount in controversy required for diversity, Defendant relies on the full total unpaid debt of the loan, totaling $887,658.03. *Id.* 6:17-21.

"Courts have repeatedly found that the amount in controversy cannot be established by the price of the loan or value of the property when a plaintiff merely seeks to temporarily enjoin foreclosure." *Recio v. Bank of America, N.A.*, No. CV 16-1196 PSG (PLAx), 2016 WL 1643716, at *2 (C.D. Cal. Apr. 26, 2016) (citations omitted); *accord Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *2-5 (C.D. Cal. May 07, 2015);

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2688 PSG (AFMx) | Date | April 18, 2017 |
|---|---|---|---|
| Title | Rose R. Ramirez v. Wells Fargo Bank, N.A. | | |

*Olmos v. Residential Credit Solutions, Inc.*, 92 F.Supp.3d 954, 957 (2015); *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015). Here, Plaintiff's Complaint appears to enjoin foreclosure only until the bank has remedied and corrected the violations that give rise to Plaintiff's actions for injunctive relief. *Compl.* ¶¶ 102-03; *see also* Prayer for Relief. Although the Complaint's request for injunctive relief can be construed broadly, the Complaint appears to be primarily focused on obtaining damages for past conduct and only seeks an injunction to force Defendant to comply with the law before foreclosing. If that is the case, then the full value of the loan cannot be the basis for the amount in controversy. *See Recio*, 2016 WL 1643716, at *2.

The question then becomes whether the value of the pecuniary results of granting a temporary injunction, along with the value of the other remedies sought, would exceed the statutory requirement. *See Olmos*, 92 F.Supp.3d at 957. Defendant does not give the Court sufficient information to determine whether the requested relief satisfies the amount in controversy. "[W]here a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount of controversy exceeds [$75,000]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted). General statements about damages are insufficient. *See Jauregui*, 2015 WL 2154148, at *5.

As it stands, the Court thus finds that Defendant failed to prove the amount in controversy exceeds $75,000 by a preponderance of the evidence. As they have offered no other basis for federal jurisdiction, the Court orders Defendant to show cause in writing by **May 5, 2017** why the Court should not remand this action to state court for lack of subject matter jurisdiction. Failure to respond as ordered may result in this case being remanded to state court.

**IT IS SO ORDERED**.